Bartlett, J.
This is an ejectment suit in which the defendants introduced no evidence but relied solely on the weakness of the plaintiff’s case.
According to the plaintiffs, the title to the premises in question at one time became vested in W. Coventry H. Waddell, as the assignee in bankruptcy of one Ebenezer L. Williams. It was material td the plaintiffs to show that the assignee was subsequently divested of the title.
To prove this, they introduced the judgment-roll in a foreclosure suit in which Waddell was a defendant, and in which it is claimed that any interest he had in the land as assignee was foreclosed. In that suit, however, Waddell was simply named as a defendant in his individual capacity, and no reference to him as assignee in bankruptcy appeared in the title of the action or anywhere else in the record. The appellants argue that Waddell could not have been divested of the estate in bankruptcy by the judgment in a case in which there was nothing to show that he was sued in his official character. The allegation in the complaint in the foreclosure suit was that the defendant Waddell had or claimed to have some interest in or claim upon the mortgaged premises, which interest or claim was subsequent to that of the plaintiff therein, upon the mortgage. There is no evidence in the present case that he had any other interest save as assignee in bankruptcy. Here, therefore, as in the case of Wagner v. Hodge (34 Hun, 524), “it is to be presumed that he was made a party to the foreclosure, and that he himself so understood the fact to be, to obtain all his interest in the property as assignee.” Such interest was *347 clearly subsequent to the mortgage, and as Waddell appears to have had no other interest, we think the judgment should be deemed effectual to foreclose it.
The suit in which this judgment was obtained was brought to cure the defect in previous proceedings to foreclose the same mortgage, arising out of the omission to make Wad-dell a party defendant. The complaint alleged that these proceedings were instituted in the late court of chancery by one Edward H. Price, on or about December 1, 1838, but that Waddell was not made a party, although he had theretofore became seized of an interest in the premises. The appellants argue that this shows that Waddell’s interest was acquired prior to December 1, 1838, which was before Williams was adjudicated a bankrupt (1843), and even before the passage of the bankrupt act. But it is apparent that the date, December 1, 1838, was an error; for the judgment roll in the Price suit is in evidence in the present case, and shows that proceedings therein were begun, not in 1838 but in 1845. We are satisfied, therefore, notwithstanding this erroneous allegation in the complaint in the second foreclosure suit as to the time when Waddell acquired an interest in the premises, that he claimed no interest except as the assignee in bankruptcy of Ebenezer L. Williams; and that he was divested of such interest by the judgment therein.
It is not necessary to discuss the other questions arising on the appeal, as they are satisfactorily disposed of in the opinion of the learned referee who tried the cause (now Mr. Justice Patterson of this court).
Judgment affirmed, with costs.
Daniels and Brady, JJ., concur.